## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE<br><br>    Plaintiff,<br><br>v.<br><br>ITA GROUP, INC.<br><br>    Defendant. | Civil Action No._____<br><br>**Jury Trial Demanded** |

## Complaint

  This is a complaint for patent infringement. Plaintiff Schoeneckers, Inc. ("BI Worldwide") brings this action against ITA Group, Inc. ("Defendant") and states as follows.

## Parties

  1. BI Worldwide is a Minnesota corporation having a principal place of business at 7630 Bush Lake Rd, Edina, MN, 55439.

  2. On information and belief, ITA Group is a corporation organized and existing under the laws of Iowa, having a principal place of business at 4600 Westown Parkway, West Des Moines, Iowa, 50266. On information and belief, ITA Group may be served in Iowa at least via its registered agent, Brent Vanderwaal at 4600 Westown Parkway, West Des Moines, Iowa, 50266.

## Jurisdiction

  3. This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

  4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant at least because Defendant has a place of business in Iowa at 4600 Westown Parkway, West Des Moines, Iowa, 50266. Upon information and belief, Defendant is registered with the Iowa Secretary of State as a business operating in Iowa under registration number 20328.

6. The Court has general jurisdiction over Defendant because its affiliations with the district are so continuous and systematic as to render it essentially at home in the Southern District of Iowa. On the "Contact Us" portion of its website, it lists its Des Moines office at 7000 Vista Drive, West Des Moines, Iowa 50266, United States as the "ITA Group global headquarters." Furthermore, the Iowa Secretary of State website lists Defendant's home office as 4600 Westown Parkway, West Des Moines, Iowa, 50266.

7. The Court has specific jurisdiction over Defendant because it has committed acts of infringement in this District. On information and belief, Defendant makes, uses, sells, and/or offers for sale infringing products throughout the United States, including in the Southern District of Iowa. For example, Defendant advertises its work with EMC Insurance Group, Inc., a company headquartered in Des Moines, Iowa.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). As stated above, Defendant has committed acts of infringement in this district and has a regular and established place of business in this District. Moreover, Defendant is subject to this Court's personal jurisdiction.

**BI Worldwide's Patented Technology and Defendant's Infringing Product**

9. BI Worldwide is the owner of U.S. Patent Nos. 8,768,764, 9,779,421, and 11,501,339 (respectively "the '764 patent", "the '421 patent", and "the '339 patent", collectively, "the patents-in-suit"). These patents are included herewith as Exhibit A, B and C, respectively.

10. These patents arose from research and development into systems and methods for providing incentives to visitors of a website by Bunchball Inc. ("Bunchball"). Bunchball launched the gamification industry in 2007. It recognized that there were two problems with incentives being offered on websites at the time of their invention. First, each website was required to independently develop the incentive software program. Second, incentive software programs were written specifically for the websites and were not easily customizable once written. Therefore, Bunchball developed an incentive application that is portable onto multiple websites and customizable on each site. This research and development resulted in the patents-in-suit.

11. Bunchball also launched its Nitro platform in 2007. This platform uses the technology described in the patents-in-suit. Since then, millions of people have completed more than five billion challenges powered by Bunchball Nitro. This platform has become the leader in enterprise gamification platforms. In 2018, Bunchball was purchased by BI Worldwide. BI Worldwide continues to operate Bunchball and sell the Bunchball Nitro platform.

12. Defendant uses and sells a gamification platform that incentivizes employees to use its websites. Defendant's platform directly competes with the Bunchball Nitro platform and infringes the patents-in-suit. Exhibit H is a copy of Defendant's "Customer Engagement Journey Infographic."[1] Exhibit I is a printout of a web page where Defendant advertises its customer loyalty platform.[2] Exhibit J is a printout of a web page where Defendant advertises the platform's

---

[1] This PDF is available at https://www.itagroup.com/filesimages/What%20We%20Do/Customer%20Solutions/ITA-Group-Customer-Engagement-Journey-Infographic.pdf (last accessed October 24, 2024)

[2] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-solutions-technology (last accessed October 24, 2024)

features.[3] Exhibit K is a printout of a web page where Defendant advertises the platform's integrations with other programs and websites.[4] Exhibit L is a printout of a webpage advertising the platform's gamification features.[5]

### The Parties' Pre-Suit Correspondence

13. On May 17, 2023, BI Worldwide approached Defendant and informed it that it infringed the patents-in-suit. This letter is attached as Exhibit G. As of the date of this filing, Defendant has never responded to BI Worldwide's letter. As a result of Defendant's lack of communication, the parties have not been able to resolve this dispute.

14. This correspondence demonstrates BI Worldwide's good faith attempts to resolve this dispute with Defendant.

### Count 1
### Claim for Patent Infringement of U.S. Patent 8,768,764

15. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

16. BI Worldwide is the owner of the '764 patent, which issued on July 1, 2014 and is attached as Exhibit A.

17. Defendant has infringed and continues to infringe one or more claims of the '764 patent, including at least claim 10 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit D is a claim chart showing an example of how Defendant's system infringes claim 10 of the '764 patent.

---

[3] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-loyalty-platform (last accessed October 24, 2024).

[4] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-engagement-platform (last accessed October 24, 2024).

[5] This web page is available at https://www.itagroup.com/insights/channel-partner-engagement/gamification-points-rewards-programs (last accessed October 24, 2024).

18. The use of Defendant's system satisfies Element 10[p] of the '764 patent, as shown in Exhibit D.

19. The use of Defendant's system satisfies Element 10[a] of the '764 patent, as shown in Exhibit D.

20. The use of Defendant's system satisfies Element 10[b] of the '764 patent, as shown in Exhibit D.

21. The use of Defendant's system satisfies Element 10[c] of the '764 patent, as shown in Exhibit D.

22. The use of Defendant's system satisfies Element 10[d] of the '764 patent, as shown in Exhibit D.

23. The use of Defendant's system satisfies Element 10[e] of the '764 patent, as shown in Exhibit D.

24. The use of Defendant's system satisfies Element 10[f] of the '764 patent, as shown in Exhibit D.

25. The use of Defendant's system satisfies Element 10[g] of the '764 patent, as shown in Exhibit D.

26. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '764 patent through making, using, selling, offering for sale, and/or importing its platform.

27. Defendant also indirectly infringes claims of the '764 patent. Defendant has known its platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the

'764 patent by selling access to the platform. Defendant also contributes to infringement because its platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '764 patent. The intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '764 patent.

28. Defendant willfully infringed and continues to willfully infringe the '764 patent.

29. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

30. Defendant's infringement of the '764 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '764 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

### Count 2
### Claim for Patent Infringement of U.S. Patent 9,779,421

31. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

32. BI Worldwide is the owner of the '421 patent, which issued on October 3, 2017 and is attached as Exhibit B.

33. Defendant has infringed and continue to infringe one or more claims of the '421 patent, including at least claim 12 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit E is a claim chart showing an example of how Defendant's system infringes claim 12 of the '421 patent.

34. The use of Defendant's system satisfies Element 12[p] of the '421 patent, as shown in Exhibit E.

35. The use of Defendant's system satisfies Element 12[a] of the '421 patent, as shown in Exhibit E.

36. The use of Defendant's system satisfies Element 12[b] of the '421 patent, as shown in Exhibit E.

37. The use of Defendant's system satisfies Element 12[c] of the '421 patent, as shown in Exhibit E.

38. The use of Defendant's system satisfies Element 12[d] of the '421 patent, as shown in Exhibit E.

39. The use of Defendant's system satisfies Element 12[e] of the '421 patent, as shown in Exhibit E.

40. The use of Defendant's system satisfies Element 12[f] of the '421 patent, as shown in Exhibit E.

41. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '421 patent through making, using, selling, offering for sale, and/or importing its platform.

42. Defendant also indirectly infringes claims of the '421 patent. Defendant has known its platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the '421 patent by selling access to the platform. Defendant also contributes to infringement because its platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '421 patent. The

intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '421 patent.

43. Defendant willfully infringed and continues to willfully infringe the '421 patent.

44. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

45. Defendant's infringement of the '421 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '421 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

<u>Count 3</u>
**Claim for Patent Infringement of U.S. Patent No. 11,501,339**

46. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

47. BI Worldwide is the owner of the '339 patent, which issued on November 15, 2022 and is attached as Exhibit C.

48. Defendant has infringed and continues to infringe one or more claims of the '339 patent, including at least claim 22 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit F is a claim chart showing an example of how Defendant's system infringes claim 22 of the '339 patent.

49. The use of Defendant's system satisfies Element 22[p] of the '339 patent, as shown in Exhibit F.

50. The use of Defendant's system satisfies Element 22[a] of the '339 patent, as shown in Exhibit F.

51. The use of Defendant's system satisfies Element 22[b] of the '339 patent, as shown in Exhibit F.

52. The use of Defendant's system satisfies Element 22[c] of the '339 patent, as shown in Exhibit F.

53. The use of Defendant's system satisfies Element 22[d] of the '339 patent, as shown in Exhibit F.

54. The use of Defendant's system satisfies Element 22[e] of the '339 patent, as shown in Exhibit F.

55. The use of Defendant's system satisfies Element 22[f] of the '339 patent, as shown in Exhibit F.

56. The use of Defendant's system satisfies Element 22[g] of the '339 patent, as shown in Exhibit F.

57. The use of Defendant's system satisfies Element 22[h] of the '339 patent, as shown in Exhibit F.

58. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '339 patent through making, using, selling, offering for sale, and/or importing its platform.

59. Defendant also indirectly infringes claims of the '339 patent. Defendant has known their platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the '339 patent by selling access to the platform. Defendant also contributes to infringement because its platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '339 patent. The

intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '339 patent.

60. Defendant willfully infringed and continues to willfully infringe the '339 patent.

61. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

62. Defendant's infringement of the '339 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '339 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## **Prayer for Relief**

BI Worldwide respectfully requests the following relief:

A. A judgment that Defendant has infringed the '764 patent, the '421 patent, and the '339 patent;

B. A judgment and order requiring Defendant to pay all appropriate damages, including prejudgment and post-judgment interest, and including increased damages for its willful infringement;

C. A judgment and order requiring Defendant to pay all costs of this action, including all disbursements and attorney fees because this case is exceptional under 35 U.S.C. § 285;

D. Permanent injunctions against Defendant and its officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '764 patent, the '421 patent, and the '339 patent;

E. Such other and further relief that this Court may deem just and equitable.

**Demand for a Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BI Worldwide demands a trial by jury of all issues so triable.

Dated: January 8, 2025

Respectfully submitted,

By: */s/ John E. Lande*
John E. Lande, AT0010976
L. Lars Hulsebus, AT0012989
OF
DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309
Telephone: (515) 244-2600
FAX: (515) 246-4550
jlande@dickinsonbradshaw.com
lhulsebus@dickinsonbradshaw.com

Nathan D. Louwagie (*pro hac vice forthcoming*)
Jennell C. Bilek (*pro hac vice forthcoming*)

**CARLSON CASPERS VANDENBURGH & LINDQUIST PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
nlouwagie@carlsoncaspers.com
jbilek@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide*