**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ITA GROUP, INC. and HTK LTD.,<br><br>　　　　　　Defendants. | No. 4:25-cv-00002-HCA<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff Schoeneckers, Inc. ("BI Worldwide") hereby submits this First Amended

Complaint for patent infringement against ITA Group, Inc. ("ITA Group") and HTK Limited

("HTK") (collectively, "Defendants") and states as follows.

## Parties

1.　　　　BI Worldwide is a Minnesota corporation having a principal place of business at

7630 Bush Lake Rd, Edina, MN, 55439.

2.　　　　On information and belief, ITA Group is a corporation organized and existing

under the laws of Iowa, having a principal place of business at 4600 Westown Parkway, West

Des Moines, Iowa, 50266. On information and belief, ITA Group may be served in Iowa at least

via its registered agent, Brent Vanderwaal at 4600 Westown Parkway, West Des Moines, Iowa,

50266.

3.　　　　On information and belief, HTK is a corporation organized and existing under the

laws of England and Wales, having a principal place of business at Chapmans Warehouse,

1

Wherry Quay, Ipswich, Suffolk, IP4 1AS, UK. On information and belief, HTK is a wholly owned subsidiary of, and is controlled by ITA Group.

**Jurisdiction**

4.      This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over ITA Group at least because ITA Group has a place of business in Iowa at 4600 Westown Parkway, West Des Moines, Iowa, 50266. Upon information and belief, ITA Group is registered with the Iowa Secretary of State as a business operating in Iowa under registration number 20328.

7.      The Court has general jurisdiction over ITA Group because its affiliations with the district are so continuous and systematic as to render it essentially at home in the Southern District of Iowa. On the "Contact Us" portion of its website, it lists its Des Moines office at 7000 Vista Drive, West Des Moines, Iowa 50266, United States as the "ITA Group global headquarters." Furthermore, the Iowa Secretary of State website lists ITA Group's home office as 4600 Westown Parkway, West Des Moines, Iowa, 50266.

8.      The Court has specific jurisdiction over ITA Group because it has committed acts of infringement in this District. On information and belief, ITA Group makes, uses, sells, and/or offers for sale infringing products throughout the United States, including in the Southern District of Iowa. For example, ITA Group advertises its work with EMC Insurance Group, Inc., a company headquartered in Des Moines, Iowa.

9.      The Court has personal jurisdiction over HTK because HTK has committed acts of infringement in this District. On information and belief, HTK is a wholly owned subsidiary of ITA Group. On information and belief, HTK makes, uses, sells, and/or offers for sale infringing

products throughout the United States, including in the Southern District of Iowa. For example, HTK's infringing Horizon technology is "embedded in ITA Group's customer solutions," Ex. M, which, on information and belief, are made, used, sold, and/or offered for sale throughout the United States, including in the Southern District of Iowa. As an additional example, ITA Group provided a demonstration of the Horizon platform to an entity headquartered in the Southern District of Iowa. Further, on information and belief, the Horizon platform is made, used, sold, and/or offered for sale throughout the United States, including in the Southern District of Iowa. In addition, or in the alternative, this Court has personal jurisdiction over HTK under Federal Rule of Civil Procedure 4(k)(2).

10.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). As stated above, Defendants have committed acts of infringement in this district. ITA Group has a regular and established place of business in this District, and HTK was recently acquired and became a wholly owned subsidiary of ITA Group. Moreover, venue is proper as to HTK because HTK is a foreign entity. *See* 28 U.S.C. § 1391(c).

## <u>BI Worldwide's Patented Technology and Defendants' Infringing Product</u>

11.    BI Worldwide is the owner of U.S. Patent Nos. 8,768,764, 9,779,421, and 11,501,339 (respectively "the '764 patent", "the '421 patent", and "the '339 patent", collectively, "the patents-in-suit"). These patents are included herewith as Exhibit A, B and C, respectively.

12.    These patents arose from research and development into systems and methods for providing incentives to visitors of a website by Bunchball Inc. ("Bunchball"). Bunchball launched the gamification industry in 2007. It recognized that there were two problems with incentives being offered on websites at the time of their invention. First, each website was required to independently develop the incentive software program. Second, incentive software

programs were written specifically for the websites and were not easily customizable once written. Therefore, Bunchball developed an incentive application that is portable onto multiple websites and customizable on each site. This research and development resulted in the patents-in-suit.

13.     Bunchball also launched its Nitro platform in 2007. This platform uses the technology described in the patents-in-suit. Since then, millions of people have completed more than five billion challenges powered by Bunchball Nitro. This platform has become the leader in enterprise gamification platforms. In 2018, Bunchball was purchased by BI Worldwide. BI Worldwide continues to operate Bunchball and sell the Bunchball Nitro platform.

14.     Defendants use and sell gamification platforms that incentivize employees and/or customers to use their clients' websites. For example, when ITA Group acquired HTK, it indicated that HTK's Horizon customer loyalty and engagement platform became "embedded in ITA Group's customer solutions." Ex. M. Defendants' platforms directly compete with the Bunchball Nitro platform and infringe the patents-in-suit. Exhibit H is a copy of ITA Group's "Customer Engagement Journey Infographic."[1] Exhibit I is a printout of a web page where ITA Group advertises its customer loyalty platform.[2] Exhibit J is a printout of a web page where ITA Group advertises the platform's features.[3] Exhibit K is a printout of a web page where ITA Group advertises the platform's integrations with other programs and websites.[4] Exhibit L is a printout

---

[1] This PDF is available at https://www.itagroup.com/filesimages/What%20We%20Do/Customer%20Solutions/ITA-Group-Customer-Engagement-Journey-Infographic.pdf (last accessed October 24, 2024)
[2] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-solutions-technology (last accessed October 24, 2024)
[3] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-loyalty-platform (last accessed October 24, 2024).

[4] This web page is available at https://www.itagroup.com/what-we-do/customer-solutions/customer-engagement-platform (last accessed October 24, 2024).

of a webpage advertising the platform's gamification features.[5] Exhibit M is a printout of a webpage disclosing ITA Group's acquisition of HTK.[6]

### The Parties' Pre-Suit Correspondence

15.     On May 17, 2023, BI Worldwide approached ITA Group and informed it that it infringed the patents-in-suit. This letter is attached as Exhibit G. ITA Group has never responded to BI Worldwide's letter until after BI Worldwide filed the initial complaint in this case.

16.     This correspondence demonstrates BI Worldwide's good faith attempts to resolve this dispute with ITA Group.

### Count 1
### Claim for Patent Infringement of U.S. Patent 8,768,764

17.     BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

18.     BI Worldwide is the owner of the '764 patent, which issued on July 1, 2014 and is attached as Exhibit A.

19.     Defendants have infringed and continue to infringe one or more claims of the '764 patent, including at least claim 10 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit D is a claim chart showing an example of how Defendants' system infringes claim 10 of the '764 patent.

20.     The use of Defendants' system satisfies Element 10[p] of the '764 patent, as shown in Exhibit D.

---

[5] This web page is available at https://www.itagroup.com/insights/channel-partner-engagement/gamification-points-rewards-programs (last accessed October 24, 2024).
[6] This web page is available at https://www.itagroup.com/about-us/news/ita-group-acquires-htk-customer-loyalty-technology (last accessed September 8, 2025).

21.     The use of Defendants' system satisfies Element 10[a] of the '764 patent, as shown in Exhibit D.

22.     The use of Defendants' system satisfies Element 10[b] of the '764 patent, as shown in Exhibit D.

23.     The use of Defendants' system satisfies Element 10[c] of the '764 patent, as shown in Exhibit D.

24.     The use of Defendants' system satisfies Element 10[d] of the '764 patent, as shown in Exhibit D.

25.     The use of Defendants' system satisfies Element 10[e] of the '764 patent, as shown in Exhibit D.

26.     The use of Defendants' system satisfies Element 10[f] of the '764 patent, as shown in Exhibit D.

27.     The use of Defendants' system satisfies Element 10[g] of the '764 patent, as shown in Exhibit D.

28.     Defendants directly infringe, literally and under the doctrine of equivalents, claims of the '764 patent through making, using, selling, offering for sale, and/or importing their platform.

29.     Defendants also indirectly infringe claims of the '764 patent. Defendants have known their platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '764 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For

example, there is no substantial use for the platform that does not infringe the '764 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '764 patent.

30.    Defendants willfully infringed and continue to willfully infringe the '764 patent.

31.    BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

32.    Defendants' infringement of the '764 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '764 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 2
## Claim for Patent Infringement of U.S. Patent 9,779,421

33.    BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

34.    BI Worldwide is the owner of the '421 patent, which issued on October 3, 2017 and is attached as Exhibit B.

35.    Defendants have infringed and continue to infringe one or more claims of the '421 patent, including at least claim 12 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing their platform. Attached as Exhibit E is a claim chart showing an example of how Defendants' system infringes claim 12 of the '421 patent.

36.    The use of Defendants' system satisfies Element 12[p] of the '421 patent, as shown in Exhibit E.

37.    The use of Defendants' system satisfies Element 12[a] of the '421 patent, as shown in Exhibit E.

38.     The use of Defendants' system satisfies Element 12[b] of the '421 patent, as shown in Exhibit E.

39.     The use of Defendants' system satisfies Element 12[c] of the '421 patent, as shown in Exhibit E.

40.     The use of Defendants' system satisfies Element 12[d] of the '421 patent, as shown in Exhibit E.

41.     The use of Defendants' system satisfies Element 12[e] of the '421 patent, as shown in Exhibit E.

42.     The use of Defendants' system satisfies Element 12[f] of the '421 patent, as shown in Exhibit E.

43.     Defendants directly infringe, literally and under the doctrine of equivalents, claims of the '421 patent through making, using, selling, offering for sale, and/or importing their platform.

44.     Defendants also indirectly infringe claims of the '421 patent. Defendants have known their platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '421 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '421 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '421 patent.

45.     Defendants willfully infringed and continue to willfully infringe the '421 patent.

46.    BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

47.    Defendants' infringement of the '421 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '421 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 3
### Claim for Patent Infringement of U.S. Patent No. 11,501,339

48.    BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

49.    BI Worldwide is the owner of the '339 patent, which issued on November 15, 2022 and is attached as Exhibit C.

50.    Defendants have infringed and continue to infringe one or more claims of the '339 patent, including at least claim 22 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing their platform. Attached as Exhibit F is a claim chart showing an example of how Defendants' system infringes claim 22 of the '339 patent.

51.    The use of Defendants' system satisfies Element 22[p] of the '339 patent, as shown in Exhibit F.

52.    The use of Defendants' system satisfies Element 22[a] of the '339 patent, as shown in Exhibit F.

53.    The use of Defendants' system satisfies Element 22[b] of the '339 patent, as shown in Exhibit F.

54.    The use of Defendants' system satisfies Element 22[c] of the '339 patent, as shown in Exhibit F.

55. The use of Defendants' system satisfies Element 22[d] of the '339 patent, as shown in Exhibit F.

56. The use of Defendants' system satisfies Element 22[e] of the '339 patent, as shown in Exhibit F.

57. The use of Defendants' system satisfies Element 22[f] of the '339 patent, as shown in Exhibit F.

58. The use of Defendants' system satisfies Element 22[g] of the '339 patent, as shown in Exhibit F.

59. The use of Defendants' system satisfies Element 22[h] of the '339 patent, as shown in Exhibit F.

60. Defendants directly infringe, literally and under the doctrine of equivalents, claims of the '339 patent through making, using, selling, offering for sale, and/or importing their platform.

61. Defendants also indirectly infringe claims of the '339 patent. Defendants have known their platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '339 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '339 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '339 patent.

62. Defendants willfully infringed and continue to willfully infringe the '339 patent.

63.     BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

64.     Defendants' infringement of the '339 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '339 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Prayer for Relief

BI Worldwide respectfully requests the following relief:

A.     A judgment that Defendants have infringed the '764 patent, the '421 patent, and the '339 patent;

B.     A judgment and order requiring Defendants to pay all appropriate damages, including prejudgment and post-judgment interest, and including increased damages for their willful infringement;

C.     A judgment and order requiring Defendants to pay all costs of this action, including all disbursements and attorney fees because this case is exceptional under 35 U.S.C. § 285;

D.     Permanent injunctions against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '764 patent, the '421 patent, and the '339 patent;

E.     Such other and further relief that this Court may deem just and equitable.

## Demand for a Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BI Worldwide demands a trial by jury of all issues so triable.

Dated: September 9, 2025     Respectfully submitted,

*/s/ Nate D. Louwagie*
John E. Lande, AT0010976
L. Lars Hulsebus, AT0012989
OF
DICKINSON, BRADSHAW,
FOWLER & HAGEN, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309
Telephone: (515) 244-2600
Facsimile: (515) 246-4550
jlande@dickinsonbradshaw.com
lhulsebus@dickinsonbradshaw.com

Nathan D. Louwagie (*pro hac vice*)
Jennell C. Bilek (*pro hac vice*)
Jake R. Dinkins (*pro hac vice*)
**CARLSON CASPERS VANDENBURGH
& LINDQUIST, PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
Facsimile: (612) 436-9605
nlouwagie@carlsoncaspers.com
jbilek@carlsoncaspers.com
jdinkins@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc.
d/b/a BI Worldwide*