**IN THE UNITED STATES DISTRICT COURT  FOR**
**THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE | No.: 4:25-cv-00002-SMR-HCA |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| ITA GROUP, INC. | |
| Defendant. | |

**BI WORLDWIDE'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Schoeneckers, Inc. d/b/a BI Worldwide, ("BI Worldwide" or "Plaintiff"), by and through its

undersigned attorneys, hereby submit the following First Set of Interrogatories to Defendant ITA

Group, Inc. ("ITA Group" or "Defendant").  Pursuant to Fed. R. Civ P. 33(b), each Interrogatory

is to be answered separately and fully in writing under oath, and in accordance with the

Definitions and Instructions set forth below, within thirty (30) days of service of these

interrogatories.

To the extent that any answer to any of these interrogatories may at any time be

incomplete or incorrect due to information acquired by Defendant subsequent to the service of

each of their answers, Plaintiff requests that Defendant promptly serve and file supplemental

answers reflecting the complete and correct information pursuant to Rule 26 of the Federal Rules

of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1.      "BI Worldwide", "BI", and/or "Plaintiff," means Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide, and all past or present, direct or indirect, subsidiaries, affiliates, divisions, business units, predecessors in interest, agents, consultants, accountants, partners, brokers, financial advisors, and attorneys, including, without limitation, their respective past and present officers, directors, agents, engineers, scientists, researchers, developers, employees, members and representatives, and all other Persons acting on behalf of or under the authorization, employment, direction, or control of any such individual or individuals and/or entity or entities.

2.      "ITA Group, Inc.," "You," and/or "Your" means ITA Group, Inc. and all past or present, direct or indirect, subsidiaries, affiliates, divisions, business units, predecessors in interest, agents, consultants, accountants, partners, brokers, financial advisors, and attorneys, including, without limitation, their respective past and present officers, directors, agents, engineers, scientists, researchers, developers, employees, members and representatives, and all other Persons acting on behalf of or under the authorization, employment, direction, or control of any such individual or individuals and/or entity or entities.

3.      "Defendant" means Defendant ITA Group, Inc.

4.      "Third Party" means any Person other than BI Worldwide or Defendant.

5.      "Accused Products" refers to any instance of Defendant's platform that rewards, gamifies, or incentivizes user activity on any application, website, or networked site, including but not limited to ITA Group's Customer Loyalty platform and Employee Engagement platform.

6.      "Document(s)" means anything within the scope of Federal Rule of Civil Procedure 34, including without limitation all types of documents, electronically stored information as specified in Federal Rule of Civil Procedure 34, and tangible things. A draft or non-identical copy is a separate document within the meaning of this term. "Document(s)" also

includes the files in which any document(s) is maintained. "Document(s)" includes all Communications.

7.    "Communication(s)" means the act or fact of communication between or among any Persons, including, but not limited to: face-to-face communications, telephone conversations, letters, memoranda, notes, summaries, photographs, audiotapes, videotapes, electronic or computer mail or messages, or other materials or memorials of communication, meeting or any occasion of joint or mutual presence, as well as the transfer of any Document or writing from one Person to another.

8.    "Thing(s)" has the broadest meaning allowable under Federal Rule of Civil Procedure 34 and includes any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

9.    "Person" means any natural person or any business, legal, or governmental entity or association and its parents, subsidiaries, affiliates, officers, directors, employees, consultants, attorneys, representatives, accountants, partners, brokers, financial advisors, and agents.

10.    "Asserted Patent(s)" means all patents, including any certificates of correction and certificates of reexamination, asserted or to be asserted in the future that Plaintiff claims in this lawsuit are infringed by Defendants, and any amendments or supplements thereto, including, without limitation, U.S. Patent Nos. 8,768,764 (the "'764 patent"), 9,779,421 (the "'421 patent"), 11,501,339 (the "'339 patent"), individually and collectively.

11.    "This Action" refers to the above-captioned action, C.A. No. 4:25-cv-00002-SMR-HCA, Southern District of Iowa.

12.    When referring to a person, "to identify" (and cognates of this term) means to provide, to the extent known, (i) the person's full name, employer, and location of employment, (ii) the person's position and title, (iii) the person's present or last known address, and (iv) present or last known telephone number.

13.    When referring to documents (including electronically stored information), "to identify" (and cognates of this term) means to provide, to the extent known, the: (i) type of document or information; (ii) general subject matter; (iii) date of the document or information; and (iv) any author(s), addressee(s), or recipient(s) of the document.

14.    When referring to events, "to identify" (and cognates of this term) means to provide, to the extent known, the (i) name of the event; (ii) date of the event; (iii) place of the event; and (iv) the participant(s) and any person(s) present at, or having percipient knowledge of, the event.

15.    Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Defendant's objections shall be stated in detail. If you object to any Interrogatory, in whole or in part, state your objection and the grounds for it, and respond to the remainder of the Interrogatory to which you do not object, using best good faith efforts to do so. Defendant's answers hereto are to be signed and verified by the person making them, and objections signed by the attorney making them.

16.    If You object to any portion of an Interrogatory as being overbroad, vague, or unclear, adopt a reasonable meaning, state the reasonable meaning adopted, and respond to the portion using that meaning.

17.    Your answers to these Interrogatories should include all information within Your possession, custody, or control.  Where facts set forth in answers or portions thereof are supplied

upon information and belief rather than upon actual knowledge, You should state, in detail, Your efforts to obtain such knowledge.

18.    If Defendant refuses to respond to an Interrogatory on the ground of attorney-client privilege, attorney work product immunity, or any other ground of privilege or immunity, Defendant shall describe the basis of the claim fully and in detail so that counsel may make an informed judgment about whether to move to compel the answer. Such description shall include an identification of each withheld document and communication in the form of a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

19.    To the extent any responses to an Interrogatory are subject to third-party confidentiality obligations, you should take all reasonable steps to obtain any required third-party consent to provide such response.

20.    If Defendant elects to avail itself of the procedure authorized by Fed. R. Civ. P. 33(d) for answering Interrogatories, Defendant shall specify the production numbers of the documents from which the answer may be derived or ascertained.

21.    These Interrogatories are continuing in nature and responses must be supplemented in accordance with Fed. R. Civ. P. 26(e). To the extent that Defendant learns at any time that its response to any of these Interrogatories is in any respect incomplete or incorrect, Defendant shall promptly serve amended responses that are complete and correct.

22.    If You find the meaning of any term in any Interrogatory unclear or ambiguous, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to that meaning.

23.    To bring within the scope of these Interrogatories any and all conceivably relevant matters or information which might otherwise be construed to be outside the scope:

a.  the singular of each word shall be construed to include its plural and vice versa;

b.  "and" and "or" shall be construed both conjunctively as well as disjunctively, and thus both shall be construed as "and/or";

c.  "each" shall be construed to include "every" and vice versa;

d.  "any" shall be construed to include "all" and vice versa;

e.  the present tense shall be construed to include the past tense and vice versa;

f.  the masculine shall be construed to include the feminine and vice versa;

g.  the term "including" shall be construed as "including, but not limited to";

h.  words have same meaning regardless of whether upper or lower case letters are used;

i.  a verb used in any tense shall encompass the verb in all other tenses; and

j.  when a response or a Document that relates to or concerns any given matter is requested, the Interrogatory encompasses any response or Document that consists of, bears upon, constitutes, discusses, describes, evidences, mentions, in connection with, pertains to, respects, regards, supports, contradicts, documents, involves, embodies, contains, comprises, reflects, identifies, states, or refers to that matter or that is in any way logically or factually connected with the matter discussed.

24.  To the extent that you believe any part of any Interrogatory is duplicative of any other Interrogatory, indicate which Interrogatory requested the same information.

25.  These Interrogatories are continuing in nature and, in addition to the obligations imposed by Federal Rule of Civil Procedure 26(e), you shall promptly supplement your responses that may become known or available to you after your initial written responses to these Interrogatories.

26.  Cessation of Document Destruction. All documents and/or data which might impact the subject matter of the Complaint should be preserved and any ongoing process of document or data destruction should have ceased as of the initiation of this proceeding.

27.  None of the instructions, definitions, or Interrogatories set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

To the extent You contend that You have not infringed the Asserted Patents, identify in detail the factual and legal bases for the contention of non-infringement (including, without limitation, a claim chart identifying on an element-by-element basis each claim limitation that You contend is absent from Your products, with citation to relevant documents). Your answer should include a statement of Your interpretation of each claim element, identifying the structure in the specification of the patent that You contend corresponds to the recited element, a statement whether any of the Accused Products provide such an element or an equivalent and, if not, an explanation as to how the Accused Product is not substantially equivalent of the pertinent claim element, and the identification of all documents, witnesses and other information on which You rely to support those contentions.

**INTERROGATORY NO. 2:**

Describe in detail the circumstances under which Defendant or any related corporate affiliate of Defendant first became aware of each Asserted Patent, and/or U.S. Application Nos. 11/879,580, 14/281,628, 15/724,115, including identifying each person having knowledge thereof and describing the nature and extent of each person's knowledge.

**INTERROGATORY NO. 3:**

Identify the three people most knowledgeable about each of the following topics, including the title of each such individual and the name of the entity that employs such individual:

a. The decision to develop, manufacture, commercialize, offer for sale and sell the Accused Products;
b. Research, development, design, and testing of the Accused Products;
c. Manufacture, supply, distribution, and import, if applicable, of the Accused Products;
d. Advertising, marketing, promotion, and sale of the Accused Products; and
e. Accounting, including sales volume, revenue, and profitability of the Accused Products.

**INTERROGATORY NO. 4:**

Identify all entities and persons to whom You have marketed, sold, offered for sale, distributed to, or otherwise provided with any Accused Product.

**INTERROGATORY NO. 5:**

Identify in detail all sales of the Accused Products, on a quarterly and annual basis from six years before the filing of this Action to present. Your answer shall identify such sales for each Accused Product by customer. To the extent any Accused Products have been provided to any customer free of charge for evaluation or any other purpose, your answer shall include and separately identify those occurrences.

**INTERROGATORY NO. 6:**

Describe in detail the design and development process for the Accused Products, including but not limited to Defendant's platform, including identifying the date and circumstances surrounding the initial conception, first use, and first sale of these features.

Dated: June 6, 2025

Respectfully submitted,

By: /s/ *Nate D. Louwagie*
John E. Lande, AT0010976
L. Lars Hulsebus, AT0012989
OF
DICKINSON, BRADSHAW, FOWLER &
HAGEN, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309
Telephone: (515) 244-2600
FAX: (515) 246-4550
jlande@dickinsonbradshaw.com
lhulsebus@dickinsonbradshaw.com

Nathan D. Louwagie
Jennell C. Bilek
Jake R. Dinkins
**CARLSON CASPERS VANDENBURGH
& LINDQUIST, PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
nlouwagie@carlsoncaspers.com
jbilek@carlsoncaspers.com
jdinkins@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc.*
*d/b/a BI Worldwide*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2025, a true and correct copy of the foregoing

document was sent by electronic mail to all opposing counsel of record.

*/s/ Nate D. Louwagie*
Nate D. Louwagie
*Attorney for Plaintiff Schoeneckers, Inc.*
*d/b/a BI Worldwide*
