**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE, <br><br> Plaintiff, <br><br> v. <br><br> ITA GROUP, INC. and HTK LTD., <br><br> Defendants. | Case No. 4:25-cv-00002-HCA <br><br><br> **JURY TRIAL DEMANDED** |

**BI WORLDWIDE'S SECOND SET OF INTERROGATORIES (NOS. 7-10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide, ("BI Worldwide" or "Plaintiff"), by and through its undersigned attorneys, hereby submits the following Second Set of Interrogatories to Defendants ITA Group, Inc. ("ITA Group") and HTK Ltd. ("HTK," collectively "Defendants"). Pursuant to Fed. R. Civ P. 33(b), Defendants must answer each Interrogatory separately and fully in writing under oath, and in accordance with the Definitions and Instructions set forth below, within thirty (30) days of service of these Interrogatories.

To the extent that any answer to any of these Interrogatories may at any time be incomplete or incorrect due to information acquired by Defendants subsequent to the service of each of their answers, Plaintiff requests that Defendants promptly serve and file supplemental answers reflecting the complete and correct information pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1

## DEFINITIONS AND INSTRUCTIONS

1.      "BI Worldwide", "BI", and/or "Plaintiff," means Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide, and all past or present, direct or indirect, subsidiaries, affiliates, divisions, business units, predecessors in interest, agents, consultants, accountants, partners, brokers, financial advisors, and attorneys, including, without limitation, their respective past and present officers, directors, agents, engineers, scientists, researchers, developers, employees, members and representatives, and all other Persons acting on behalf of or under the authorization, employment, direction, or control of any such individual or individuals and/or entity or entities.

2.      "ITA Group, Inc.," "You," and/or "Your" means ITA Group, Inc. and all past or present, direct or indirect, subsidiaries, affiliates, divisions, business units, predecessors in interest, agents, consultants, accountants, partners, brokers, financial advisors, and attorneys, including, without limitation, their respective past and present officers, directors, agents, engineers, scientists, researchers, developers, employees, members and representatives, and all other Persons acting on behalf of or under the authorization, employment, direction, or control of any such individual or individuals and/or entity or entities.

3.      "HTK, Ltd.," "You," and/or "Your" means HTK, Ltd. and all past or present, direct or indirect, subsidiaries, affiliates, divisions, business units, predecessors in interest, agents, consultants, accountants, partners, brokers, financial advisors, and attorneys, including, without limitation, their respective past and present officers, directors, agents, engineers, scientists, researchers, developers, employees, members and representatives, and all other

Persons acting on behalf of or under the authorization, employment, direction, or control of any such individual or individual and/or entity or entities.

4.    "Defendants" means Defendant ITA Group, Inc and Defendant HTK Ltd.

5.    "Third Party" means any Person other than BI Worldwide or Defendants.

6.    "Accused Products" refers to any instance of Defendants' systems that rewards, gamifies, or incentivizes user activity on any application, website, or networked site, including but not limited to the Horizon Platform, the Cooleaf Platform, any "Customer Loyalty" platform or system and any "Employee Engagement" platform or system.

7.    "Document(s)" means anything within the scope of Federal Rule of Civil Procedure 34, including without limitation all types of documents, electronically stored information as specified in Federal Rule of Civil Procedure 34, and tangible things. A draft or non-identical copy is a separate document within the meaning of this term. "Document(s)" also includes the files in which any document(s) is maintained. "Document(s)" includes all Communications.

8.    "Communication(s)" means the act or fact of communication between or among any Persons, including, but not limited to: face-to-face communications, telephone conversations, letters, memoranda, notes, summaries, photographs, audiotapes, videotapes, electronic or computer mail or messages, or other materials or memorials of communication, meeting or any occasion of joint or mutual presence, as well as the transfer of any Document or writing from one Person to another.

9.    "Thing(s)" has the broadest meaning allowable under Federal Rule of Civil Procedure 34 and includes any tangible object other than a Document including, without

limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

10.    "Person" means any natural person or any business, legal, or governmental entity or association and its parents, subsidiaries, affiliates, officers, directors, employees, consultants, attorneys, representatives, accountants, partners, brokers, financial advisors, and agents.

11.    "Integrate" (and cognates of this term) means the process of interconnecting hardware, software, or other systems such that they may function together. This includes combining separate software components together to form a unified system that shares data and functionality between the components, either on a single system or via internetworked techniques such as API calls.

12.    "Asserted Patent(s)" means all patents, including any certificates of correction and certificates of reexamination, asserted or to be asserted in the future that Plaintiff claims in this lawsuit are infringed by Defendants, and any amendments or supplements thereto, including, without limitation, U.S. Patent Nos. 8,768,764 (the "'764 patent"), 9,779,421 (the "'421 patent"), 11,501,339 (the "'339 patent"), individually and collectively.

13.    "This Action" refers to the above-captioned action, C.A. No. 4:25-cv-00002-SMR-HCA, Southern District of Iowa.

14.    When referring to a person, "to identify" (and cognates of this term) means to provide, to the extent known, (i) the person's full name, employer, and location of employment, (ii) the person's position and title, (iii) the person's present or last known address, and (iv) present or last known telephone number.

15.    When referring to documents (including electronically stored information), "to identify" (and cognates of this term) means to provide, to the extent known, the: (i) type of

document or information; (ii) general subject matter; (iii) date of the document or information; and (iv) any author(s), addressee(s), or recipient(s) of the document.

16.    When referring to events, "to identify" (and cognates of this term) means to provide, to the extent known, the (i) name of the event; (ii) date of the event; (iii) place of the event; and (iv) the participant(s) and any person(s) present at, or having percipient knowledge of, the event.

17.    Answer each Interrogatory fully unless Defendants object to it in good faith, in which event state the reasons for Defendants' objections in detail. If You object to any Interrogatory, in whole or in part, state Your objection and the grounds for it, and respond to the remainder of the Interrogatory to which You do not object, using best good faith efforts to do so. The person making Defendants' answers hereto must sign and verify them, and the attorney making any objections must sign them.

18.    If You object to any portion of an Interrogatory as being overbroad, vague, or unclear, adopt a reasonable meaning, state the reasonable meaning adopted, and respond to the portion using that meaning.

19.    Your answers to these Interrogatories should include all information within Your possession, custody, or control. Where the You supply facts set forth in answers, or portions thereof, upon information and belief rather than upon actual knowledge, You should state, in detail, Your efforts to obtain such knowledge.

20.    If Defendants refuse to respond to an Interrogatory on the ground of attorney-client privilege, attorney work product immunity, or any other ground of privilege or immunity, Defendants shall describe the basis of the claim fully and in detail so that counsel may make an informed judgment about whether to move to compel the answer. Such description shall include

an identification of each withheld document and communication in the form of a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

21.     To the extent any responses to an Interrogatory are subject to third-party confidentiality obligations, You should take all reasonable steps to obtain any required third-party consent to provide such response.

22.     If Defendants elect to avail themselves of the procedure authorized by Fed. R. Civ. P. 33(d) for answering Interrogatories, Defendants shall specify the production numbers of the documents from which the answer may be derived or ascertained.

23.     These Interrogatories are continuing in nature, and Defendants must supplement their responses in accordance with Fed. R. Civ. P. 26(e). To the extent that Defendants learn at any time that their response to any of these Interrogatories is in any respect incomplete or incorrect, Defendants shall promptly serve amended responses that are complete and correct.

24.     If You find the meaning of any term in any Interrogatory unclear or ambiguous, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to that meaning.

25.     To bring within the scope of these Interrogatories any and all conceivably relevant matters or information which might otherwise be construed to be outside the scope:

    a.  the singular of each word shall be construed to include its plural and vice versa;
    b.  "and" and "or" shall be construed both conjunctively as well as disjunctively, and thus both shall be construed as "and/or;"
    c.  "each" shall be construed to include "every" and vice versa;
    d.  "any" shall be construed to include "all" and vice versa;
    e.  the present tense shall be construed to include the past tense and vice versa;
    f.  the masculine shall be construed to include the feminine and vice versa;
    g.  the term "including" shall be construed as "including, but not limited to;"
    h.  words have the same meaning regardless of whether upper- or lower-case letters are used;
    i.  a verb used in any tense shall encompass the verb in all other tenses; and

j. when a response or a Document that relates to or concerns any given matter is requested, the Interrogatory encompasses any response or Document that consists of, bears upon, constitutes, discusses, describes, evidences, mentions, in connection with, pertains to, respects, regards, supports, contradicts, documents, involves, embodies, contains, comprises, reflects, identifies, states, or refers to that matter or that is in any way logically or factually connected with the matter discussed.

26. To the extent that You believe any part of any Interrogatory is duplicative of any other Interrogatory, indicate which Interrogatory requested the same information.

27. Cessation of Document Destruction. Preserve all documents and/or data which might affect or involve the Complaint's subject matter, and cease any document or data destruction processes as of the initiation of this proceeding.

28. None of the instructions, definitions, or Interrogatories set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Interrogatory.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 7:**

Identify each product—including, without limitation, Software-as-a-Service—that You have ever designed, deployed, operated, acquired, made, used, sold, or offered to sell, that performed incentive award functions, including each version of those products.

**INTERROGATORY NO. 8**

Describe in detail the structure, function, and operations of each product identified in response to Interrogatory No. 7, including each version of those products, and identify a person or persons who can testify substantively about each of those products.

**INTERROGATORY NO. 9:**

Describe in detail how You design, deploy, and operate software-based incentive programs. Your answer should include: how You design and deploy incentive programs to meet clients' needs; what incentive program components, applications, documentation, and code You provide directly to clients; how Your systems, applications, and data flows integrate with clients' existing information technology stacks, websites, and applications; how incentive systems are managed and operated after initial deployment, to include, without limitation, whether clients independently operate incentive program applications, whether You exclusively host all incentive program applications, or whether You or clients embed incentive program applications within clients' websites, products, portals, systems, or mobile applications; the logical architectures/topologies used to provide incentive program services; and a person or persons who can testify substantively about the design, deployment, and operation of clients' incentive programs, to the extent You have knowledge thereof.

**INTERROGATORY NO. 10:**

Identify all customers, end users, and other third persons who have used, implemented, or deployed: the Horizon system, the Cooleaf system, any "Employee Engagement" platform or system, any "Customer Loyalty" platform or system, or any product identified in response to Interrogatory No. 7, since January 8, 2019

Dated: October 31, 2025                    Respectfully submitted,


By: /s/ *Nathan D. Louwagie*
John E. Lande, AT0010976
L. Lars Hulsebus, AT0012989
DICKINSON, BRADSHAW, FOWLER &
HAGEN, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309
Telephone: (515) 244-2600
FAX: (515) 246-4550
jlande@dickinsonbradshaw.com
lhulsebus@dickinsonbradshaw.com

Jennell C. Bilek
Nathan D. Louwagie
Jake R. Dinkins
**CARLSON CASPERS VANDENBURGH**
**& LINDQUIST, PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
jbilek@carlsoncaspers.com
nlouwagie@carlsoncaspers.com
jdinkins@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc.*
*d/b/a BI Worldwide*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of October 2025, a true and correct copy of the

foregoing document was sent by electronic mail to all opposing counsel of record.

>*/s/ Nathan D. Louwagie*
>John E. Lande, AT0010976
>L. Lars Hulsebus, AT0012989
>DICKINSON, BRADSHAW, FOWLER &
>HAGEN, P.C.
>801 Grand Avenue, Suite 3700
>Des Moines, Iowa 50309
>Telephone: (515) 244-2600
>FAX: (515) 246-4550
>jlande@dickinsonbradshaw.com
>lhulsebus@dickinsonbradshaw.com
>
>
>Jennell C. Bilek
>Nathan D. Louwagie
>Jake R. Dinkins
>**CARLSON CASPERS VANDENBURGH**
>**& LINDQUIST, PA**
>225 S. Sixth Street, Suite 4200
>Minneapolis, MN 55402
>Telephone: (612) 436-9600
>jbilek@carlsoncaspers.com
>nlouwagie@carlsoncaspers.com
>jdinkins@carlsoncaspers.com
>
>*Attorneys for Plaintiff Schoeneckers, Inc.*
>*d/b/a BI Worldwide*